# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                                                         **Case No. 05-CR-305**

**ART WILLIAMS**
        **Defendant.**

## DECISION AND ORDER

Defendant Art Williams moves to withdraw his guilty pleas to charges of distributing crack cocaine and possessing a firearm as a felon. I deny his motion.

## I. FACTS AND BACKGROUND

The government charged defendant in a four-count indictment with possessing a firearm and ammunition as a felon (counts one and two), 18 U.S.C. § 922(g), distributing crack cocaine (count three), 21 U.S.C. § 841(a)(1) & (b)(1)(C), and carrying a firearm in furtherance of a drug trafficking crime (count four), 18 U.S.C. § 924(c). The charges arose out of defendant's sale of $20 worth of crack cocaine to an undercover police officer. Upon his arrest, officers located a handgun and ammunition in the car in which defendant was riding. The matter was set for final pre-trial on March 31, 2006 and trial on April 10, 2006.

At the final pre-trial, the parties advised me that the case had not been resolved and would proceed to trial. However, shortly thereafter, the parties reached a plea agreement, which was reduced to writing and filed with the court on April 4, and on April 6 the trial was cancelled and the matter set for a plea hearing on April 13. On that date, defendant appeared with counsel and entered pleas of guilty to count one of an information charging possession

of a firearm as a felon[1] and count three of the indictment (crack distribution). Pursuant to the plea agreement, the government agreed to move to dismiss the remaining counts of the indictment at the time of sentencing. I set the matter for sentencing on June 26, 2006.

However, on May 29, 2006, defendant filed a motion to withdraw his pleas. The motion was supported by the affidavit of defense counsel, Calvin Malone, in which Malone stated that on May 8, 2006, defendant contacted him and indicated that he wanted to withdraw his pleas, and subsequently sent counsel a letter setting forth three bases for plea withdrawal: (1) he did not fully understand what he was pleading to because of a learning disability; (2) at the time of the plea hearing, he was "in a state of anxiety and confusion"; and (3) he denied that count three even involved a controlled substance, much less crack cocaine. (R. 20-2 at 5.)

I ordered the government to respond, which it did on June 22. Shortly thereafter, Malone moved to withdraw, stating that the government's response had placed his contacts with and impressions of defendant at issue. I denied the motion because I saw no reason why Malone would be a witness.

Malone renewed the motion on July 12, stating that defendant had asked him to withdraw and citing an irreconcilable conflict between the two. Defendant also sent a letter to the court complaining about Malone. I granted that motion after a hearing and appointed Attorney Scott Obernberger. I also gave Obernberger additional time to provide materials supporting the motion to withdraw the plea.

---

[1]Count one of the information was the same as count one of the indictment except that it omitted the allegation that defendant was an armed career criminal. At the plea hearing, I advised defendant that I nevertheless could find him an armed career criminal at sentencing, triggering a 15-year mandatory minimum prison term, and that he would not be allowed to withdraw his plea simply because the sentence was more severe than he expected. (R. 36 [Plea Hr'g Tr.] at 7-9, 11-12.)

2

On October 4, 2006, Obernberger filed supporting affidavits. In his affidavit, Obernberger stated that defendant provided him with a copy of a "Milwaukee County-Arrest Detention Report," which was not included with the discovery previously provided by the government. In that report, Oak Creek Police Officer Robert Carter, the arresting officer, wrote that defendant sold him "a small piece of imitation crack cocaine for $20. [Defendant] purported it to be crack cocaine which it was not." (R. 38 [Obernberger Aff. Ex. A at 2] at 5.) The report further indicated that in a Mirandized statement defendant "admitted that the crack he sold me was bogus (fake)." (Id.) The face sheet of the report listed the charge as delivery of an imitation controlled substance. Such conduct is a violation of state law, Wis. Stat. § 961.41(4)(am), but defendant pleaded guilty to federal charges of selling actual crack.

In his affidavit, defendant stated that he did not deliver a controlled substance to Carter, and that if he had seen the Arrest-Detention Report he would not have pleaded guilty. He also stated that he did not understand the plea agreement and was afraid at the time he signed it and entered his pleas in court.

The government responded with an affidavit from Officer Carter, in which Carter stated that the Arrest-Detention Report was based on defendant's representations. He averred that he did not receive the field test results on the substance – which confirmed that it was crack – until later. Further, the substance was subsequently taken to the state crime lab, tested and confirmed to be cocaine base. (R. 44-2 [Carter Aff. Ex. 1] at 5.)

In his reply, defendant noted that Carter's contemporaneous narrative report did not mention any statement by defendant that the crack was fake. He further noted that the Arrest-Detention Report is signed under oath and presented to the state court for a probable cause determination.

3

Given the conflicting evidence, I scheduled the matter for a hearing.[2] See United States v. Redig, 27 F.3d 277, 280 (7th Cir. 1994) (stating that a hearing should be granted if the defendant presents substantial evidence impugning the validity of the plea). At the hearing, Carter testified, consistent with his affidavit, that he based the statement in the Arrest-Detention Report on defendant's claim that the substance was fake crack. He stated that, at the time, he believed defendant because defendant expressed a willingness to cooperate with police and admitted that the gun was his. Carter further stated that, because he was working without a partner on the night in question, he was somewhat rushed and did not have an opportunity to test the substance prior to completing the Arrest-Detention Report at about 12:05 a.m. He stated that this report was needed in order to transfer defendant to the county jail, which he wanted to accomplish prior to a shift change. Carter testified that he tested the substance at about 12:47 a.m., after defendant had been conveyed to the jail, and received a positive test result, which he recorded in the narrative report he then completed. He admitted that although he should have included defendant's statement that the substance was fake in the narrative report, he failed to do so because he was tired and that report focused primarily on the firearm charge, not the drug charge. Carter stated that after he completed the test, he re-classified the

---

[2]The hearing was adjourned from November 27, 2006 to January 18, 2007 at the request of the defense to afford counsel more time to review tapes provided by the government. During the interim, Obernberger moved to withdraw as counsel, stating that defendant had filed a complaint about him with the bar. I held a hearing on the motion on December 22, 2006. Defendant stated that he was upset that Obernberger had mentioned his alleged learning disability but indicated that he wanted to continue with Obernberger. Obernberger agreed to stay on, so I denied the motion. The case then proceeded to hearing on January 18. At that hearing, defendant confirmed that he still wanted Obernberger. He also stated that he wanted me to consider all of the arguments for plea withdrawal, ostensibly including the argument that he did not understand what he was doing when he pleaded due to a learning disability.

recommended charges to delivery of (actual) cocaine. As indicated above, the substance was also later conveyed to the state crime lab for testing, which was reflected in the chain of custody report Carter presented at the hearing. (Def.'s 1/18/07 Hr'g Ex. 1 at 4.)[3]

Defendant did not testify at the hearing and presented no additional evidence supporting his motion. I took the matter under advisement and now deny the motion.

## II. DISCUSSION

### A. Legal Standard for Plea Withdrawal

The court may permit a defendant to withdraw his guilty plea prior to sentencing if he can establish a "fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B). "However, a defendant has no absolute right to withdraw a guilty plea. When a defendant wishes to withdraw his plea after he states at a Rule 11 hearing that it was freely and knowingly given, he faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is fair and just." United States v. Schilling, 142 F.3d 388, 398 (7th Cir. 1998) (internal quote marks and citations omitted). This is so because the court accords a "presumption of verity" to the statements made by a defendant at a change of plea hearing. United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004). "Thus, a defendant who files a motion to withdraw his plea on the ground that his plea was not knowing and voluntary, contrary to his assertions at the Rule 11 proceeding, faces a heavy burden of persuasion." United States v. Standiford, 148 F.3d 864, 868-69 (7th Cir. 1998). "A defendant's protestation that statements freely made

---

[3] Carter also testified that he later listened to taped telephone calls defendant allegedly made while confined at the jail, in which defendant purportedly discussed how he could evade responsibility for the case. I conditionally admitted Carter's report of these calls. Upon further review of its contents, I find that the calls contain little that is helpful or relevant to my decision on the instant motion. Therefore, I have not considered the calls in ruling on the motion.

5

under oath when entering the plea were a pack of lies is not a 'fair and just reason' to start anew." United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999).

Likewise, a defendant cannot withdraw his plea by simply claiming innocence; a claim of innocence does not constitute a fair and just reason; being innocent does. See United States v. Groll, 992 F.2d 755, 758 (7th Cir. 1993). Therefore, a defendant seeking plea withdrawal on this basis must support his claim with evidence. See United States v. Salgado-Ocampo, 159 F.3d 322, 326 (7th Cir. 1998); see also United States v. Hodges, 259 F.3d 655, 661 (7th Cir. 2001) (stating that "a defendant's bare protestations of innocence – especially after a knowing and voluntary guilty plea in a thorough Rule 11 colloquy – will not suffice, regardless of how swiftly they are made. The defendant must proffer some credible evidence.").

**B.  Analysis**

Defendant urges three bases for plea withdrawal. He first claims that the substance he delivered to Officer Carter was not an actual controlled substance, and that he is therefore innocent of crack distribution. However, the substance was tested at the state crime lab and revealed to be cocaine base. (R. 44-2 [Carter Aff. Ex. 1 at 1] at 5.) Likewise, a field test confirmed that the substance was crack cocaine. (Id. [Carter Aff. Ex. 3 at 3] at 17.) Defendant offers no evidence to rebut these test results.

It is true that the Arrest-Detention Report indicates that the substance was fake. However, Carter explained that he based this report on defendant's say-so rather than actual test results. I found Carter completely credible. He stated that he did not have a chance to test the substance prior to completing the Arrest-Detention Report and arranging for defendant to be conveyed to the jail because he was too busy booking defendant and a possible co-actor,

6

conducting interviews of the two, and completing paperwork. He testified that ordinarily his partner would help with these tasks, but he was working alone on the night in question.

It is true that Carter omitted defendant's statement about the fake drugs in his narrative report. However, Carter made no excuses for the omission, stating that he should have included defendant's claim that the substance was fake in his report. Carter was forthright in admitting that he made an error in this regard. In any event, there was a legitimate reason for the omission: By the time he completed the narrative report, Carter knew that the substance was genuine. Thus, I find that the omission in the report does not adversely affect Carter's credibility.

Defendant next claims that he would not have pleaded guilty had he seen the report indicating that the substance was fake. However, the Seventh Circuit has held that a defendant's realization that the government's case was not as strong as he believed, or that he pled before he reviewed all the discovery, is not a fair and just reason to withdraw a plea, so long as the plea follows disclosure of an adequate factual basis. See United States v. Underwood, 174 F.3d 850, 853-54 (7th Cir. 1999). In the present case, defendant admitted at the plea hearing that the facts set forth in ¶ 6 of the plea agreement were true and correct. (R. 36 [Plea Hr'g Tr.] at 14.) Paragraph 6 indicated that the substance "tested positive for the presence of cocaine. The cocaine weighed approximately .2 grams." (R. 15 [Plea Agreement] at 4 ¶ 6.) Defendant further admitted during the plea hearing that he was pleading guilty because he was, in fact, guilty. (R. 36 at 14.) Therefore, defendant cannot demonstrate a fair and just reason on this basis. See United States v. Spilmon, 454 F.3d 657, 659-60 (7th Cir.),

7

Case 2:05-cr-00305-LA    Filed 01/19/07    Page 7 of 8    Document 52

cert. denied, 127 S. Ct. 607 (2006).[4]

Finally, although defendant claims that his plea was not knowing and voluntary, he offers no evidence in support of his contention. He denied any mental problems at the plea hearing (R. 36 at 3), and I observed no excessive nervousness. Further, the transcript of the plea colloquy demonstrates substantial compliance with Rule 11, which ensures the voluntariness of the plea. See United States v. Schuh, 289 F.3d 968, 975 (7th Cir. 2002). Thus, there is no basis for concluding that defendant did not understand what he was doing in pleading guilty.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion to withdraw his guilty pleas (R. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is scheduled for **SENTENCING** on **Friday, March 2, 2007, at 1:30 p.m.**

Dated at Milwaukee, Wisconsin, this 19th day of January, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[4]Defendant does not claim to be innocent of firearm possession or argue that the Arrest-Detention Report has any relevance to his guilty plea on that count.